# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER HICKS, <br>     Plaintiff, <br><br> vs. <br><br> CLERMONT COUNTY BOARD OF COMMISSIONERS, *et al.*, <br>     Defendants. | Case No. 1:17-cv-677 <br><br> Judge Timothy S. Black |

**ORDER GRANTING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION (Doc. 30)**

This case is before the Court on the motion of Plaintiff Christopher Hicks for a preliminary injunction (Doc. 30), as well as the parties' responsive memoranda (Docs. 37, 38).

## I. INTRODUCTION

### A. Parties.

Plaintiff Christopher Hicks is a resident of Clermont County, Ohio, who describes himself as an advocate for government transparency and accountability. Mr. Hicks is a politically active person who serves on the Clermont County Republican Central Committee and is a committee member of the Union Township Republican Party. He also frequently discusses, reads about, supports, and attends local government and political functions. (Doc. 1 at ¶ 10).

Defendant Clermont County Board of Commissioners ("BOCC") is the duly-elected governing body for Clermont County, Ohio. (Doc. 1 at ¶ 3).

Defendant David Uible is a Clermont County Commissioner and resident of Clermont County, Ohio. (Doc. 1 at ¶ 4). Mr. Uible is sued in his personal capacity.

**B.     Background Facts.**

Beginning in early summer of 2017, Mr. Hicks discovered that Clermont County government officials were engaged with representatives of the local professional soccer club FC Cincinnati in planning to locate a soccer practice facility in Clermont County. (Doc. 30-1 at ¶ 2). As part of the plan, the County would assess an additional 1% hotel occupancy tax to fund portions of the practice facility. (*Id.*) Mr. Hicks requested public records, attempted to speak at BOCC meetings, and posted digital media on these issues. (*Id.*)

Mr. Hicks claims that Defendants silenced him from speaking about the hotel occupancy tax. Specifically, Mr. Hicks sent a request to speak at the July 26, 2017 BOCC meeting about county transparency, tax initiatives, and conflicts of interest. (Doc. 30-1 at ¶ 3). At the meeting, Mr. Uible would not let Mr. Hicks speak and had him removed. (*Id.*) Mr. Hicks states that he was not unruly, did not raise his voice, did not call Mr. Uible names, and peacefully submitted to the Sheriff. (*Id.* at ¶ 4).

Mr. Hicks filed this lawsuit against the BOCC, Mr. Uible, the CVB, and the Clermont County Sheriff's Office, asserting various claims premised on Defendants' alleged efforts to silence his speech. All Defendants moved to dismiss for failure to state a claim. After the Court's ruling on those motions, Mr. Hicks's only remaining claims are: (1) Count One, a 42 U.S.C. § 1983 claim against Mr. Uible and the BOCC premised on Mr. Hicks's allegation that Mr. Uible and the BOCC violated Mr. Hicks' First

2

Amendment rights by removing him from the July 26, 2017, BOCC meeting, and (2) Count Two, a 42 U.S.C. § 1983 claim against the BOCC premised on Mr. Hicks allegation that the BOCC's Rules of Procedure are unconstitutionally vague, overbroad, and discriminatory.

Mr. Hicks's motion for preliminary injunction asks the Court to enjoin the BOCC from enforcing its Rules of Procedure regarding public comments at BOCC meetings. (Doc. 30). Mr. Hicks argues that the current BOCC Rules of Procedure are facially unconstitutional because they allow the BOCC to regulate speech based on content and because they are vague and overbroad.

## II. STANDARD

Federal Rule of Civil Procedure 65(a)-(b) permits a party to seek injunctive relief when the party believes that it will suffer immediate and irreparable injury, loss, or damage. Nevertheless, an "injunction is <u>an extraordinary remedy</u> which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (emphasis supplied).

In determining whether to grant injunctive relief, this Court must weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Ne. Ohio Coal. For Homeless & Serv. Emp. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999,

1099 (6th Cir. 2006). These four considerations are factors to be balanced, not prerequisites that must be met. *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000).

### III.   ANALYSIS

**A.   Success on the Merits.**

Mr. Hicks challenges the BOCC's current Rules of Procedure on the grounds that they allow regulation of speech that "outrages the sensibilities" of the Board.[1] Specifically, Rule IV(G)(2) states:

> The Board President may remove any person who prevents or disrupts a session by doing either of the following:
>
> (a)   Any act which obstructs or interferes with the due conduct of such meting; or
>
> (b)   Make any utterance, gesture, or display which outrages the sensibilities of the Board.

(BOCC Rules of Procedure at IV(G)(2)). Rule IV(A)(3) states separately that the Board President shall have the power to, *inter alia*, determine whether a speaker's remarks, utterance, gesture, or display obstructs or interferes with the session or outrages the sensibilities of the Board.

Mr. Hicks argues he is likely to succeed on his claim that the Rules' attempt to regulate speech that "outrages the sensibilities of the Board" is vague, overbroad,

---

[1] The BOCC's current Rules of Procedure are filed at Doc. 30-3.

4

and viewpoint-based.

    1.    *<u>Vagueness</u>*.

The Court finds Mr. Hicks is likely to succeed on his claim that the BOCC Rules of Procedure are vague to the extent they attempt to regulate conduct that "outrages the sensibilities of the Board."

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). The Supreme Court "insist[s] that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly." *Id.* "Vague laws may trap the innocent by not providing fair warning." *Id.*

Under the First Amendment, "speakers are protected from arbitrary and discriminatory enforcement of vague standards." *King Enters. v. Thomas Twp.*, 215 F. Supp. 2d 891, 917 (E.D. Mich. 2002) (quoting *Nat'l Endowment for the Arts v. Finley*, 524 U.S. 569, 588 (1998)). "The prohibition against vague regulations of speech is based in part on the need to eliminate the impermissible risk of discriminatory enforcement." *Id.* (quoting *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1051 (1991)).

Enactments that provide for subjective enforcement are unconstitutionally vague. *See Coates v. Cincinnati*, 402 U.S. 611 (1971). In *Coates*, a Cincinnati ordinance made it a criminal offense for "three or more persons to assemble . . . on any of the sidewalks . . . and there conduct themselves in a manner annoying to persons passing by . . . . ." *Coates*, 402 U.S. at 612. Appellants were convicted of violating the ordinance, and the Ohio Supreme Court upheld the ordinance against a vagueness challenge. On appeal, the

Supreme Court of the United States held the ordinance was impermissibly vague because "men of common intelligence must necessarily guess at its meaning." *Id.* at 613-615. The Supreme Court of the United States reasoned that the ordinance did not indicate upon whose sensitivity a violation depended (*i.e.*, a "hypothetical reasonable man"), and the city cannot constitutionally regulate conduct "through the enactment and enforcement of an ordinance whose violation may entirely depend upon whether or not a policeman is annoyed." *Id.* at 614.

Here, Rule IV(G)(2)(b) <u>does</u> specify whose sensitivity its enforcement depends on: the subjective "sensibilities" of the BOCC. That is problematic for two reasons.

First, <u>at least one member of the BOCC does not even know what that phrase means</u>. (*See* Deposition of David Painter (Doc. 30-5) at p. 77-78). "Men of ordinary intelligence" cannot be expected to know what conduct complies with subjective standards of the BOCC that BOCC members themselves cannot define.

Second, and relatedly, while the BOCC is permitted to regulate the format of its meetings, it cannot constitutionally do so "through the enactment and enforcement of an ordinance whose violation may entirely depend on whether or not a [councilmember] is annoyed." *Coates*, 402 U.S. at 614.

The BOCC contends "[s]everal courts have looked at statutes or rules similar to Rule VI, Section G, Item 2 . . . and found that they are not unconstitutionally vague." (Doc. 37 at 14-15). The BOCC cites to several cases where courts have approved enactments regulating comments at public meetings. (*Id.*) (citing *State v. Cephus*, 161 Ohio App. 3d 385, 439 (2d Dist. 2005); *Lowery v. Jefferson County Bd. of Educ.*, 586

6

F.3d 427, 436 (6th Cir. 2009); *Kucinich v. Forbes*, 432 F. Supp. 1101 (N.D. Ohio 1977)). The BOCC's reliance on these cases is unavailing because none of them defined the standard of acceptable conduct <u>from the enforcing party's subjective point of view</u>. *See Cephus*, 161 Ohio App. 3d at 392 (finding that an ordinance prohibiting "boisterous" conduct was not void for vagueness on the grounds that the "term is not confusing, given its common usage."). Here, Rule IV(G)(2)(b) is vague not because it uses the term "outrages," a term which is commonly used and understood, but because it uses the phrase "sensibilities of the Board," which is not.

Simply put, Rule IV(G)(2)(b) does not provide fair notice to the citizenry as to what conduct warrants removal at BOCC meetings because men of ordinary intelligence could not possibly know what conduct will outrage the sensibilities of the BOCC. Rule IV(G)(2)(b) not only risks ad hoc and subjective enforcement, <u>it expressly provides for it</u>. The Court finds Mr. Hicks is likely to succeed on his claim that Rule IV(G)(2)(b) is unconstitutionally vague.

      2.    *<u>Overbreadth.</u>*

A government regulation is facially overbroad when there exists "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the court." *J.L. Spoons, Inc. v. O'Connor*, 190 F.R.D. 433, 441 (N.D. Ohio 1999) (citing *City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 801 (1984)). The overbreadth doctrine constitutes an exception to traditional rules of standing and is applicable only in First Amendment cases in order to ensure that an overbroad statute does not act to "chill" the exercise of rights guaranteed protection.

7

*Triplett Grille v. City of Akron*, 40 F.3d 129, 135 (6th Cir. 1994). Regulations that prohibit all types of expression, and make no attempt to regulate only those expressive activities associated with harmful secondary effects, are unconstitutionally overbroad.

For the reasons stated in Section III(A)(1), *supra*, Rule IV(G)(2)(b) poses a risk of compromising the First Amendment rights of Mr. Hicks and parties not before the Court. Specifically, the Rule's prohibition of conduct that outrages the sensibilities of the Board is not tailored to expressive activities associated with harmful secondary effects, and is likely to "chill" the exercise of free speech by individuals cautiously attempting not to run afoul of its vague standard.[2] Accordingly, the Court finds Mr. Hicks is likely to succeed on his claim that Rule IV(G)(2)(b) is overbroad.[3]

---

[2] The BOCC argues that the Rules of Procedure <u>are</u> tailored to these secondary effects because they "only authorize the President to remove a person in very limited circumstances when a speaker's conduct <u>prevents or disrupts</u> a session." (Doc. 37 at 3) (emphasis supplied).

That is not what Rule IV(G)(2) says; it does not require an utterance to be <u>both</u> outrageous <u>and</u> disruptive. Rule IV(G)(2) authorizes the Board President to remove any person who prevents or disrupts a session <u>by</u> making an utterance, gesture, or display which outrages the sensibilities of the Board. The Court interprets this Rule to mean that an individual who makes an utterance that outrages the Board has prevented or disrupted the session.

If the BOCC is correct that the Rules of Procedure only authorize the Board President to remove a person who disrupts a session, then the Court wonders why Rule IV(G)(2)(b) exists in the first place. Rule IV(G)(2)(a) authorizes the Board President to remove persons for doing <u>any act</u> which obstructs or interferes with the meeting. Rule IV(G)(2)(b) is either superfluous, because the utterances are already "acts" captured by Rule IV(G)(2)(a), or unconstitutional, because it regulates speech that is not disruptive.

[3] Having concluded that Mr. Hicks is likely to succeed on his claims of vagueness and overbreadth, the Court need not conduct a forum analysis. *See Aubrey v. Cincinnati Reds*, 841 F. Supp. 229, 232 (S.D. Ohio 1993).

**B.     Irreparable injury.**

Having found that Mr. Hicks is likely to succeed on his facial challenges of vagueness and overbreadth, the Court considers whether injunctive relief is required to prevent an irreparable injury. It is. When reviewing a motion for a preliminary injunction, a finding of irreparable injury is mandated if it is found that a constitutional right is being threatened or impaired. *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). This is especially true in First Amendment cases. *Newson v. Norris*, 888 F.2d 371, 378 (6th Cir. 1989) ("Even minimal infringement upon First Amendment values constitutes irreparable injury sufficient to justify injunctive relief.").

The Court finds Mr. Hicks has shown an irreparable injury. Mr. Hicks wishes to attend, and speak, at BOCC meetings, and will suffer irreparable harm if his speech is constrained by unconstitutionally vague and overbroad rules. *See Mallick v. Int'l Brotherhood of Electrical Workers*, 644 F.2d 228, 235 (3d Cir. 1981) ("The right to speak one's views is so fundamental that the spectre of punishment, or the uncertainty created by a vaguely worded prohibition of speech, is injurious as well.").

**C.     Balance of harms/public interest.**

The final factor in the injunctive relief analysis is whether granting the injunction would cause harm to others and/or serve the public interest. "The irreparable injury [the plaintiffs] will suffer if their motion for injunctive relief is denied must be balanced against any harm which will be suffered by [others] as a result of the granting of

injunctive relief." *Martin-Marietta Corp. v. Bendix Corp.*, 690 F.2d 558, 568 (6th Cir. 1982).

The BOCC argues that, if an injunction is granted, the government will not be able to efficiently perform its duties and BOCC meetings will last for hours and delve into irrelevant topics. (Doc. 37 at 18). This argument is not availing. If the Court enjoins enforcement of Rule IV(G)(2)(b), the BOCC remains free to remove disruptive and obstructive attendees under Rule IV(G)(2)(a). The Court finds an injunction will not harm the BOCC in its ability to carry out its duties.

Finally, the Court finds that an injunction will serve the public's interest in meaningful participation in local government.

### D. Scope of the Injunction.

The Court finds injunctive relief to be appropriate as all of the factors weigh in favor of an injunction. In this case, the Court must address the scope of the injunction. Mr. Hicks requests that the Court enjoin the BOCC from enforcing all of its Rules of Procedure. On the facts before the Court, this is not appropriate injunctive relief.

Injunctive relief must be tailored to remedy <u>the specific harm alleged</u> and an overbroad preliminary injunction is an abuse of discretion. *League of Wilderness Defenders/Blue Mts. Biodiversity Project v. Connaughton*, 725 F.3d 755, 767 (9th Cir. 2014) (emphasis added); *see also Constitution State Challenge, Inc. v. Nyemchek*, No. 3:00 CV 650, 2001 U.S. Dist. LEXIS 7773, at * 23 (D. Conn. June 1, 2001) (denying plaintiffs' request for preliminary injunction because it was "not narrowly tailored to the irreparable harm alleged by the plaintiffs"); *Varsity Gold, Inc. v. Elite Fundraising LLC*,

10

No. C05-1048P, 2005 U.S. Dist. LEXIS 37310, at * 26 (W.D. Wash. Sept. 15, 2005) ("A preliminary injunction should be narrowly tailored to remedy the specific harm alleged.") (citation omitted).

The only Rules that Mr. Hicks argues are unconstitutional are Rule IV(A)(3), which allows the Board President to determine whether conduct is repetitive, obstructive, or outrages the sensibilities of the Board, and Rule IV(G)(2), which allows the Board President to remove a person who prevents or disrupts a session by, *inter alia*, making an utterance, gesture, or display which outrages the sensibilities of the Board.

The overwhelming portion of Mr. Hicks's argument concerns the phrase "outrages the sensibilities of the Board" used in Rules IV(A)(3) and IV(G)(2). Mr. Hicks has not set forth any argument or authority for the proposition that the Board (or Board President) may not remove individuals from a meeting who are disruptive or obstructive, nor has he set forth any argument or authority demonstrating that any other Rule is unconstitutional. Mr. Hicks states, on multiple occasions, that the harm he seeks to prevent is restriction on speech based on the BOCC's "sensibilities." (*See* Doc. 30 at 16-18).

The Court will limit the scope of the injunction to remedy the harm identified by Mr. Hicks. Accordingly, the BOCC is enjoined from removing persons from meetings on the grounds that the person made an utterance, gesture, or display which outrages the sensibilities of the Board pursuant to BOCC Rules of Conduct IV(G)(2)(b) and IV(A)(3) (insofar as Rule IV(A)(3) allows the Board President to determine whether a speaker's remarks outrages the sensibilities of the Board).

11

### E. No bond is required.

Pursuant to Federal Rule of Civil Procedure 65(c), the Court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." The Court is required to consider the question of requiring a bond before issuing a preliminary injunction. *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 539 (6th Cir. 1978). However, the "amount of security required and whether a bond is needed is up to the discretion of the district court." *Bunn Enters. v. Ohio Operating Eng'rs. Fringe Benefit Programs*, No. 2:13-cv-357, 2013 U.S. Dist. LEXIS 86211, at * 46 (S.D. Ohio, June 19, 2013) (Marbley, J); *see also Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) ("While we recognize that the language of Rule 65(c) appears to be mandatory, and that many circuits have so interpreted it, the rule in our circuit has long been that the district court possesses discretion over whether to require the posting of security.") (emphasis supplied).

Here, the BOCC did not request a bond, nor did it set forth any evidence of costs or damages it will sustain if it is found to have been wrongfully enjoined. In its discretion, the Court finds that it is not appropriate to order Mr. Hicks to post a bond.

### IV. CONCLUSION

For the foregoing reasons, Mr. Hicks's motion for preliminary injunction (Doc. 30) is **GRANTED**. The BOCC is enjoined from removing persons from meetings on the grounds that the person made an utterance, gesture, or display which outrages the sensibilities of the Board pursuant to BOCC Rules of Conduct IV(G)(2)(b) and IV(A)(3)

(insofar as Rule IV(A)(3) allows the Board President to determine whether a speaker's remarks outrages the sensibilities of the Board). Mr. Hicks need not post a bond.

**IT IS SO ORDERED.**

Date:  12/6/18

*Timothy S. Black*
Timothy S. Black
United States District Judge